UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY CLAGG, | ) | Case No. 1:09CV1323 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE JAMES GWIN |
| | ) | (Magistrate Judge McHargh) |
| KEITH SMITH, | ) | |
| Warden, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Tracy Clagg ("Clagg") filed a petition for a writ of habeas

corpus arising out of his 2006 convictions for two counts of rape, in the Richland

County (Ohio) Court of Common Pleas.  (Doc. 1.)  The respondent filed a motion to

dismiss on Sept. 22, 2009, which argues that the petition should be dismissed as

untimely.  (Doc. 7, at 5-10.)  Clagg has not opposed the motion to dismiss.

## I.  PROCEDURAL BACKGROUND

In November 2005, Clagg was indicted on twenty counts of rape, unlawful sexual conduct with a minor.  (Doc. 7, RX 1.)  Subsequently, on July 20, 2006, Clagg entered a guilty plea to two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b).  (Doc. 7, RX 9.)  The trial court then sentenced Clagg to an agreed sentence of life in prison on both counts, to be served consecutively, with no parole eligibility for twenty years.  The court also determined that Clagg was a sexual predator.  (Doc. 7, RX 10.)  Clagg did not file a timely appeal.

The Admission of Guilt/Judgment Entry that Clagg signed stated:  "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal by me must be filed within 30 days of my sentence." (Doc. 7, RX 9, at 2.)  The Sentencing Entry indicated that:  "This is an agreed sentence recommended jointly by the defendant and the prosecution pursuant to R.C. 2953.08(D)."  (Doc. 7, RX 10, at 2.)

Almost two years later, on May 12, 2008, Clagg filed an untimely notice of appeal pro se, and a motion for leave to file delayed appeal.  (Doc. 7, RX 11-12.) Clagg argued that his appeal was untimely because he was unaware of his right to appeal.  (Doc. 7, RX 12, at 3.)  On July 3, 2008, the court of appeals found that Clagg had failed to establish good cause for the delay, and denied Clagg leave to appeal.  (Doc. 7, RX 13.)

Clagg filed a notice of appeal to the Supreme Court of Ohio on Aug. 15, 2008. (Doc. 7, RX 18-19.)  Clagg again argued that he had been unaware of his right to

appeal.  (Doc. 7, RX 19, at 1.)  The state responded that Clagg had been advised of

his appellate rights (doc. 7, RX 20, at 2-3), and moreover, Clagg was not legally

entitled[1] to appeal an agreed sentence under Ohio Rev. Code § 2953.08(D)(1), (RX

20, at 3-4).

The state high court denied Clagg leave to appeal and dismissed the appeal

as not involving any substantial constitutional question on Dec. 3, 2008.  (Doc. 7,

RX 21.)

Clagg filed this petition for a writ of habeas corpus on June 10, 2009.  (Doc.

1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal

courts must apply when considering applications for a writ of habeas corpus.  Under

the AEDPA, federal courts have limited power to issue a writ of habeas corpus with

respect to any claim which was adjudicated on the merits by a state court.  The

Supreme Court, in Williams v. Taylor, provided the following guidance:

---

[1] Under Ohio law, a sentence imposed by the trial court  which is authorized
by law and recommended jointly by the defense and prosecution is not subject to
appellate review.  State v. Mathis, 109 Ohio St.3d 54, 59, 846 N.E.2d 1, 6 (2006);
State v. Porterfield, 106 Ohio St.3d 5, 829 N.E.2d 690, 691 (2005) (syllabus); Ohio
Rev. Code § 2953.08(D).  See also Cornell v. Jeffries, No. 2:05-CV-948, 2006 WL
2583300, at *8 (S.D. Ohio Sept. 7, 2006) (petitioner waived right to appeal sentence
by agreeing to jointly recommended sentence).

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Clagg has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519

4

(1972) (per curiam)).  Other than that, no special treatment is afforded litigants

who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993)

(strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th

Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).


### III.  STATUTE OF LIMITATIONS

The respondent argues that the petition should be dismissed because it was

filed after the statute of limitations had expired.  (Doc. 7, at 5-10.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires

a state prisoner seeking a federal writ of habeas corpus to file his petition within

one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S.

214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by

the conclusion of direct review or the expiration of the time for seeking such

review."  28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does

not begin to run until all direct criminal appeals in the state system are concluded,

followed by either completion or denial of certiorari before the United States

Supreme Court, or the expiration of the time allowed (90 days) for filing for

certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v.

Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d

Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).

Clagg was sentenced on his conviction on July 20, 2006.  (Doc. 7, RX 10.)

Under Ohio law, Clagg had 30 days within which to file his direct appeal after the

5

date of sentencing.  Ohio R. App. P. 4(A).  Since he did not file a timely direct appeal, his conviction became final 30 days after the journal entry of sentencing on July 20, 2006.  Thus, the statute began to run on Aug. 19, 2006, and expired one year later.  See, e.g., Goodballet v. Mack, 266 F.Supp. 2d 702, 705 (N.D. Ohio 2003). Clagg did not file his delayed appeal until May 12, 2008, after the statute of limitations had already expired.  (Doc. 7, RX 11-12.)

Although filing a motion for a delayed appeal may toll the running of a pending, unexpired one-year limitations period, it will not "revive" the statute, or cause it to begin running anew.  DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir.), cert. denied, 534 U.S. 905 (2001); Buda v. Eberlin, No. 5:06cv1807, 2006 WL 2711792 (N.D. Ohio Sept. 21, 2006). Clagg's petition for a writ of habeas corpus was untimely filed.

The motion to dismiss (doc. 7)  should be granted.

<u>RECOMMENDATION</u>

It is recommended that the motion to dismiss (doc. 7) be granted.


Dated:  __Feb. 22, 2010__          ___/s/ Kenneth S. McHargh_____
                                Kenneth S. McHargh
                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the

Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d

947 (6th Cir. 1981).