UNITED STATES DISTRICT COURT
NONTHERN DISTRICT OF OHIO
--------------------------------------------------------
:
TRACY CLAGG, :
: CASE NO. 1:09-CV-1323
Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 1 & 7]
KEITH SMITH, :
*Warden*, :
:
Respondent. :
:
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 10, 2009, *pro se* Petitioner Tracy Clagg filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Clagg seeks relief from the life sentence that an Ohio state court imposed following his guilty plea to two counts of rape. [*Id.*]

Petitioner Clagg advances four arguments to support his petition. [*Id.* at 5-11.] First, Clagg argues that the trial court failed to advise him of his right to appeal the sentence. [*Id.* at 5.] Next, Clagg claims that his counsel was ineffective. [*Id.* at 7.] Third, Clagg argues that the trial court improperly applied the relevant Ohio sentencing statutes. [*Id.* at 8.] Finally, Clagg contends that the trial court sentenced him more harshly than other similarly situated offenders. [*Id.* at 10.]

On September 22, 2009, the State of Ohio moved for dismissal, arguing that the statute of limitations bars Clagg's petition. [Doc. 7.] Petitioner Clagg did not oppose the motion.

On August 6, 2009, Magistrate Judge Kenneth S. McHargh filed a Report and Recommendation that recommended the Court deny Clagg's § 2254 petition as time-barred. [Doc.

-1-

Case No. 1:09-CV-1323
Gwin, J.

8.] The Magistrate Judge found that Clagg's sentence became final as a matter of Ohio law on August 19, 2006, because he failed to appeal within thirty days of his sentencing on July 20, 2006. [*Id.* at 6.] As a result, under 28 U.S.C. § 2244's one-year limitations period, Clagg had until August 19, 2007, to file his federal habeas petition. [*Id.*] Clagg did not, however, file this petition until May 12, 2008. [Doc. 1 at 1.]

Moreover, the Magistrate Judge found that Clagg could not avail himself of any tolling of § 2244's limitations period. [Doc. 8 at 6.] First, the Magistrate Judge held that statutory tolling was unavailable because Clagg did not file his motion for leave to file a delayed appeal until May 12, 2008, outside the limitations period. [*Id.*] As to equitable tolling, the Magistrate Judge found that the Admission of Guilt/Judgment Entry that Clagg himself signed prior to his sentencing notified Clagg of his right to an appeal. [Doc. 8 at 2.] The Admission stated: "I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal by me must be filed within 30 days of my sentence." [Doc. 7-2 at 33.]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which a party has objected. 28 U.S.C. § 636(b)(1)(C). A party must file any objections to a Report and Recommendation within fourteen days of service. *Id.* Failure to object within this time waives the party's right to appeal the magistrate judge's recommendation. Fed. R. Civ. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005). Absent objection, a district court may adopt the magistrate's report without review. *See Thomas*, 474 U.S. at 149.

Although Petitioner Clagg's objections were due March 8, 2010, Clagg has not filed any. Regardless, having conducted its own review of the petition and government's motion, the Court

Case No. 1:09-CV-1323
Gwin, J.

agrees with the conclusions of the Magistrate Judge.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge McHargh's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DENIES** Petitioner Clagg's § 2254 petition. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that Petitioner Clagg could not take an appeal from this decision in good faith, and no basis exists on which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: April 9, 2010         *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE